In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-2054

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ERIK D. ZAHURSKY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 2:06 CR 109—**Rudy Lozano**, *Judge.*

ARGUED OCTOBER 17, 2011—DECIDED FEBRUARY 2, 2012

Before BAUER, POSNER, and WOOD, *Circuit Judges.*

WOOD, *Circuit Judge.* This is Erik Zahursky's second appeal to this court. In 2007, a jury convicted Zahursky of attempting to coerce or entice a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b)—an offense for which Zahursky received a 262-month prison term. Zahursky appealed, challenging both his conviction and a sentencing enhancement based on § 2G1.3(b)(2)(B) of the sentencing guidelines. We affirmed

the conviction, but we vacated Zahursky's sentence and remanded, ruling that § 2G1.3(b)(2)(B) was inapplicable. On remand, the district court, relying in part on § 2G1.3(d) of the guidelines, sentenced Zahursky to 210 months in prison. Zahursky appeals again, arguing that our earlier ruling precludes not only the section (b) enhancement, but also the section (d) enhancement. Although § 2G1.3(d) may not apply, we find that Zahursky has forfeited this argument and therefore affirm his sentence.

**I**

In 2006, Zahursky, using the pseudonym "gracepace101," began a chat room correspondence with "Sad_Shelly200" (Shelly), a fictitious 14-year-old girl created by the U.S. Secret Service. (The record does not reveal why that agency had become involved, but no one has made anything of it.) Shortly thereafter, Zahursky began corresponding with "holly1989cutie" (Holly), who represented herself to be 14 years old, but whose actual identity is unknown. We need not describe these conversations in depth here apart from noting that they were graphic; some of the details can be found in our previous opinion, *United States v. Zahursky*, 580 F.3d 515, 517-20 (7th Cir. 2009). It suffices to say that Zahursky expressed a strong desire to have sex simultaneously with Shelly and Holly, and he prompted them to contact each other. They never did, and his correspondence with Holly ended. Undeterred, Zahursky made plans to have a threesome with the fictitious Shelly and her (also fictitious) friend Lindsey.

While *en route* to meet Shelly and Lindsey, Zahursky was arrested. As we noted, he was eventually convicted of attempting to persuade, induce, entice or coerce a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b) and was sentenced to 262 months of imprisonment. This sentence was based, in part, on two provisions of the sentencing guidelines: first, an enhancement under U.S.S.G. § 2G1.3(b)(2)(B) for "unduly influenc[ing] a minor," based on his correspondence with Holly; and second, a pseudo-count enhancement under § 2G1.3(d), which was also based on his correspondence with Holly. (A "pseudo-count" appears to be the term used by the Sentencing Commission staff to describe an uncharged offense. See Thomas W. Hutchison *et al.*, Federal Sentencing Law and Practice § 3D1.2 (2012 ed.).)

In 2009, Zahursky appealed his sentence, asserting that the undue influence enhancement should not have been applied when his advisory guidelines offense level was calculated. We found merit in this argument, writing that "§ 2G1.3(b)(2)(B) cannot apply where the defendant and the minor have not engaged in prohibited sexual conduct." *Zahursky*, 580 F.3d at 526. Finding that the record failed to contain any evidence that Zahursky and Holly had ever met—or even that Holly was a minor—we remanded for resentencing. *Id.* at 527-28. On remand, Zahursky received a lower sentence of 210 months. The recalculated guidelines sentence no longer included the subsection (b)(2)(B) enhancement, but it still contained the section (d) enhancement. Zahursky now appeals the use of § 2G1.3(d) to enhance his advisory guideline offense score.

## II

Where a conviction under 18 U.S.C. § 2422(b) involves multiple minors, U.S.S.G. § 2G1.3(d) directs a sentencing court to treat the relevant conduct with each person as if it were a separate count. Unlike the statute, however, the guideline (that is, § 2G1.3(d)) does not contain an "attempt" provision. This means that the government must prove that each relevant person was a minor. See *United States v. Coté*, 504 F.3d 682, 687-88 (7th Cir. 2007) (explaining relevance of the attempt provision). The guideline defines the term "minor" expansively: for purposes of § 2G1.3(d), a minor is either (1) a person who has not attained the age of 18 years, (2) a person, whether fictitious or not, who is represented by a law enforcement officer to be under the age of 18 and available for sexually explicit conduct, or (3) an undercover law enforcement officer who represented herself to be less than 18 years old. U.S.S.G. § 2G1.3 app. n.1.

The enhancement under § 2G1.3(d) cannot be based on the first of these definitions, for reasons similar to those we discussed in our earlier opinion. There we were considering an enhancement under U.S.S.G. § 2G1.3(b)(2)(B). The relevant definition of "minor" for section (b) is narrower than it is for section (d). Section (b) "does not apply in a case in which the only 'minor' . . . involved in the offense is an undercover law enforcement officer." U.S.S.G. § 2G1.3(b) app. n.3(B), ¶ 2. Thus, a person is a minor for subsection (b) purposes only if she is less than 18 years old. The record here contained no evidence to that effect. *Zahursky*, 580 F.3d at 527.

The government was therefore required to prove that Holly was either a law enforcement officer or the fictional creation of such an officer. Indeed, we suggested that this was a possibility in our earlier opinion. *Id.* But Zahursky correctly notes that just as we have no way of verifying that Holly was a 14-year-old female, we also cannot know whether she was a law enforcement agent, or if she was anyone else. Critically, however, we lack this clarity largely because Zahursky's first appeal made no mention of § 2G1.3(d). Zahursky chose in his first appeal to focus on the undue influence enhancement described in § 2G1.3(b)(2)(B). If he had complained on that appeal about the section (d) pseudo-count enhancement, then we might have ordered an evidentiary hearing on Holly's identity or age and remanded for resentencing on these grounds as well. But he did not, and so he has forfeited this line of attack.

Our remand in Zahursky's first appeal did not give him an unfettered right to introduce any and all new sentencing arguments that occurred to him. Just because some of the facts underlying the sentencing enhancements overlap does not mean that a narrow challenge on one ground (here, the undue influence enhancement) also sweeps in other grounds (here, the pseudo-count enhancement treating each minor as if there had been a separate count of conviction). This is especially so because the relevant definition of minor is different for the two enhancements. Compare U.S.S.G. § 2G1.3 app. n.1 with U.S.S.G. § 2G1.3 app. n.3(B), ¶ 2. The district court accordingly was entitled to refuse to hear Zahursky's new challenge. As we recently said, "when a

case is generally remanded to the district court for re-sentencing, the district court *may* entertain new arguments as necessary . . . but it is not obligated to consider any new evidence or arguments beyond that relevant to the issues raised on appeal." *United States v. Barnes*, 660 F.3d 1000, 1007 (7th Cir. 2011) (emphasis added).

By failing to raise the issue in his first appeal, Zahursky forfeited his right to challenge the application of the pseudo-count enhancement under § 2G1.3(d), and the district court was not obliged to consider this new argument on remand. We therefore AFFIRM Zahursky's sentence.